FILED
IN CLERKS OFFICE

UNITED STATES DISTRICT COURT  2015 APR 8 PM 3 15
DISTRICT OF MASSACHUSETTS
Civil Action No          U.S. DISTRICT COURT
Friedrich Lu, Plaintiff  DISTRICT OF MASS.
v
Lyndia Downie, Rosemary Cashman, Fred Lee, Shaughnessy Charbonneau, Pine Street Inn,
Rachel E Muñoz, Morgan, Brown & Joy LLP, Defendants

## COMPLAINT

(1)     The court has subject matter jurisdiction over this matter under 28 USC § 1331 (federal question).

(2)     Plaintiff Friedrich Lu once sought shelter at Men's Inn (444 Harrison Avenue, Boston, MA 02118) of Pine Street Inn (PSI), where in pertinent time, Lyndia Downie was executive director, Rosemary Cashman Downie's secretary, Fred Lee a supervisor and Shaughnessy Charbonneau an employee; further Rachel E Muñoz of Morgan, Brown & Joy represented PSI.

(3)     More than four but less than eight years ago, Lu's duffle bag stored overnight at a locker at PSI "housing" was stolen. Lu emailed Downie; vice president Lynn Chapman replied, exchanged a couple emails with Lu, and granted Lu's request to review video clips. Lu went, but it was a sham--a PSI operative ran the clips so fast, it was literally a blur.

(4)     Shortly before Lee was incapacitated by an alleged heart attack, one early morning Lu was holding a almost new pair of men's leather shoes in his hand while leaving "Dorm 4." Charbonneau for no reason insisted the shoes were stolen goods and must be turned over to her. Lu told her the pair was his. Charbonneau resorted to Lee, who summoned Lu and together with a detail officer from Boston Police Department (BPD), snatched the shoes from Lu and never repatriated the dress shoes.

(5)

(a) Lu learned a lesson from (2). So, when his tablet was embezzled in one September night, 2012 he asked for the viewing of a video clip recorded at cafeteria. On Oct 16, 2012 Director of Men's Inn Leo Adorno told Lu the camera did not work, and repeated the statement, despite Lu's explanation that Lu would email the answer back to a BPD detective at the latter's request. Without missing a beat, Lu indicated he would commence a lawsuit against PSI and subpoena it. PSI asking to be sued, Adorno then advised Lu a subpoena was all the legal formality PSI needed, and that PSI would not fight it (lawsuit).

(b) On Dec 11, 2012 Lu initiated Lu v Pine Street Inn, Boston Municipal Court No 201201 CV 2574. A special process server Pedro Menendez on Apr 3, 2013--the day court appointed him--accomplished service of process on PSI, but then disappeared the same day prior to signing a return of service. From Oct 16, 2012 to Mar 3, 2013, Lu and Adorno exchanged ten (10) emails regarding the lawsuit and subpoena, unaware PSI was conducting another series of sham to thwart Lu access to criminal process against the embezzler.

(c) Attorney Muñoz mailed to both the court and Lu a motion to dismiss dated June 5, 2013, which asserted PSI had never been served with process, as well as Lu's motion to reinstate case (dated Apr 16, 2013 and set for hearing on Apr 24 following). The motion wa supported by a Cashman affidavit to that effect. These two statements were materially false.

(6) Count One: 18 USC §1962(b). All defendants (except Downie) through a pattern of racketeering activity acquire or maintain, directly or indirectly, any interest in or control of enterprises which is engaged in, or the activities of which affect, interstate or foreign commerce. In this count and the following two, the enterprises are PSI and the law firm. The property the

Lee, Charbonneau and PSI sought to extort was shoes. The racketeering activities were wire and mail fraud, extortion and obstruction of justice.

(7) Count Two: 18 USC § 1962(c). All defendants ("persons"--except Downie) employed by or associated with an enterprise are engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity.

(8) Count Three: 18 USC § 1962(d). All defendants conspire to violate any of the provisions of subsection (a), (b), or (c) of 18 USC § 1962.

(9) Count Four: 42 USC § 1983: Lee, Charbonneau and PSI deprived Lu of shoes in violation of due process and equal protection clauses of the Fourteenth Amendment to United States Constitution.

(10) Count Five: fraud under Massachusetts common law

(11) Count Six: conversion under Massachusetts common law (shoes)

(12) Lu requests an injunction that PSI produce a copy of the video tape at issue and name and personal information of the embezzler, which Lu had asked for since the next day of embezzlement. Moreover, Lu demands jury trial on damage. Asides Lu asks for court costs.

Plaintiff: Friedrich Lu, pro se
Date: April 8, 2015
Email address: x2flu@yahoo.com
Address: ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112