UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Friedrich Lu, Plaintiff )    Civil Action No 15-11558-GAO
v )
Lyndia Downie et al, defendants )

## FIRST AMENDED COMPLAINT

(1)     The court has subject matter jurisdiction over this matter under 28 USC § 1331 (federal question).

(2)     Plaintiff Friedrich Lu once sought shelter at Men's Inn (444 Harrison Avenue, Boston, MA 02118) of Pine Street Inn (PSI), where in pertinent time, Lyndia Downie was executive director, Rosemary Cashman Downie's secretary, Fred Lee a supervisor and Shaughnessy Charbonneau an employee; further Rachel E Muñoz of Morgan, Brown & Joy (MBJ) represented PSI. Both MBJ and PSI are engaged in, or their activities affect, interstate commerce.

(3)     More than four but less than eight years ago, Lu's duffle bag stored overnight at a locker at PSI "housing" was stolen. Lu emailed Downie; vice president Lynn Chapman replied, exchanged a couple emails with Lu, and granted Lu's request to review video clips. Lu went, but it was a sham--a PSI operative ran the clips so fast, it was literally a blur.

(4)     Shortly before Lee was incapacitated by an alleged heart attack, one early morning Lu was holding a almost new pair of men's leather shoes in his hand while leaving "Dorm 4." Charbonneau for no reason insisted the shoes were stolen goods and must be turned over to her . Lu told her the pair was his. Charbonneau resorted to Lee, who summoned Lu and together with a detail officer from Boston Police Department (BPD), snatched the shoes from Lu and never repatriated the dress shoes.

(5)

(a)     Lu learned a lesson from (2). So, when his tablet was embezzled in one September night, 2012 he asked for the viewing of a video clip recorded at cafeteria. On Oct 16, 2012 Director of Men's Inn Leo Adorno told Lu the camera did not work, and repeated the statement, despite Lu's explanation that Lu would email the answer back to a BPD detective at the latter's request. Without missing a beat, Lu indicated he would commence a lawsuit against PSI and subpoena it. PSI asking to be sued, Adorno then advised Lu a subpoena was all the legal formality PSI needed, and that PSI would not fight it (lawsuit).

(b)     On Dec 11, 2012 Lu initiated Lu v Pine Street Inn, Boston Municipal Court No 201201 CV 2574. A special process server Pedro Menendez on Apr 3, 2013--the day court appointed him--accomplished service of process on PSI, but then disappeared the same day prior to signing a return of service. From Oct 16, 2012 to Mar 3, 2013, Lu and Adorno exchanged ten (10) emails regarding the lawsuit and subpoena, unaware PSI was conducting another series of sham that caused the court to mail three notices of dismissal (which Lu had contested vigorously).

(c)     Attorney Muñoz mailed to both the court and Lu a motion to dismiss dated June 5, 2013, which asserted PSI had never been served with process, supported by a Cashman affidavit to that effect. These two statements were materially false. Lu angrily relied on it, because he knew the court would. As a result, Lu suffered substantial damage, unable to identify the perpetrator and recover the tablet. On information and belief, Muñoz and MBJ participated in or agreed to the open-ended scheme from the outset, and knew Adorno's statements to Lu and theirs to court were false.

(6)     The property Lee, Charbonneau and PSI sought to extort (chargeable under both state and federal law) was shoes. The racketeering activities were wire and mail fraud, as well as extortion.

(7) Count One: 18 USC §1962(a). Muñoz and MBJ (persons) have received income derived from a pattern of racketeering activity to use such income in the operation of MBJ (enterprise).

(8) Count Two: 18 USC §1962(d). Muñoz and MBJ conspire to violate 18 USC § 1962(a), where MBJ is again both a person and an enterprise.

(9) Count Three: 18 USC § 1962(c). All defendants except Lee and Charbonneau (persons) conduct or participate in the conduct of the enterprise's affairs through a pattern of racketeering activity. In this and next counts only, the enterprise is all defendants associated in fact.

(10) Count Four: 18 USC § 1962(d). All defendants conspire to violate 18 USC § 1962(c).

(11) Count Five: 42 USC § 1983: Lee, Charbonneau and PSI deprived Lu of shoes in violation of due process and equal protection clauses of the Fourteenth Amendment to United States Constitution.

(12) Count Six: fraud, Massachusetts common law (Downie, Cashman, PSI, Muñoz, MBJ).

(13) Count Seven: conversion, Massachusetts common law (shoes; Lee, Charbonneau, PSI).

(14) Lu requests an injunction that PSI produce a copy of the video tape at issue and name and personal information of the embezzler, which Lu had asked for since the next day of embezzlement. Moreover, Lu demands jury trial on damage. Asides Lu asks for court costs.

Plaintiff: Friedrich Lu, pro se
Date: August 18, 2015
Email address: x2flu@yahoo.com
Address: ℅ St Francis House, PO Box 499, Lafayette Station, Boston, MA 02112

A copy of this document and first amended complaint are served electronically on the same day on Leigh C Campbell and Downie (via Cashman). Lu Appreciates MBJ's motion to dismiss, which spurs Lu to read -- a lot.