UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 15-11558-GAO

FRIEDRICH LU,
Plaintiff,

v.

LYNDIA DOWNIE, ROSEMARY CASHMAN, SHAUGHNESSY CHARBONNEAU, PINE STREET INN, RACHEL E. MUÑOZ, MORGAN, BROWN & JOY LLP,
Defendants.

OPINION AND ORDER
July 22, 2016

O'TOOLE, D.J.

The plaintiff, Friedrich Lu, appearing *pro se*, has filed this action, purportedly seeking relief under the Racketeer Influenced and Corrupt Organizations Act ("RICO") and 42 U.S.C. § 1983 against the defendants. The plaintiff asserts a number of state law claims as well. The defendants appear to all be related in some way to the Pine Street Inn, a non-profit that, among other things, runs a homeless shelter in Boston. Lyndia Downie, Rosemary Cashman, and Shaughnessy Charbonneau work for the organization. Rachel Muñoz, a lawyer at Morgan, Brown & Joy LLP, is one of the organization's attorneys.[1]

The defendants have moved to dismiss the First Amended Complaint for failure to state a claim upon which relief may be granted. Federal question jurisdiction is explicitly invoked in the First Amended Complaint. The parties do not appear to be of diverse citizenship. Because, as will

---

[1] Another employee of the Pine Street Inn, Fred Lee, was previously a party to this action, but was dismissed due to the plaintiff's failure to serve him (dkt. no. 22).

be discussed below, the plaintiff has not pled any meritorious federal claims, his state law claims are dismissed without prejudice. See 28 U.S.C. § 1367(c)(3).

The factual basis of the plaintiff's grievance(s) is somewhat obscure. The plaintiff alleges that, on different occasions, he lost three items while at the Pine Street Inn: a duffel bag, a pair of shoes, and a tablet. As to the duffel bag, the plaintiff states that someone, unknown, stole the bag one night. The charge brought against the Pine Street Inn is that an employee at the shelter played too quickly security tape footage of the incident. None of the individuals involved in this incident are defendants in this case. This incident occurred at least four years before the filing of the Complaint.

As to the shoes, the plaintiff alleges that, as he was leaving a dormitory at the Pine Street Inn, Charbonneau saw the plaintiff holding a pair of men's leather shoes. Charbonneau "insisted the shoes were stolen goods" and demanded that they be turned over to her. (First Am. Compl. ¶ 4 (dkt. no. 12).) Charbonneau, along with another employee and an officer of the Boston Police Department—neither of whom are defendants here—"snatched the shoes" from the plaintiff. (Id.) It is unclear when this incident took place.

The loss of the tablet again involves an attempt to watch a video recording. None of the defendants are implicated in the loss itself. However, the plaintiff states that he brought a lawsuit in state court to compel the Pine Street Inn to allow him to watch any relevant video tapes. The claim alleged here is that Muñoz filed a motion to dismiss supported by an affidavit signed by Cashman that falsely asserted that the Pine Street Inn had never been served with process. This loss took place sometime in September 2012, and the court case progressed throughout the early part of 2013.

A plaintiff bringing a claim under RICO "must allege at pattern of racketeering activity involving at least two predicate acts." Ahmed v. Rosenblatt, 118 F.3d 886, 888 (1st Cir. 1997). A predicate act of racketeering activity can be any of a number of indictable criminal acts. See id. at 888–89; 18 U.S.C. § 1961(1). Specifically here, the plaintiff alleges wire fraud, mail fraud, and extortion. A plaintiff must show that "the racketeering predicates are related, *and* that they amount to or pose a threat of continued criminal activity." Giuliano v. Fulton, 399 F.3d 381, 386–87 (1st Cir. 2005) (quoting H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 239 (1989) (emphasis in original)). That is, the plaintiff must show both relatedness and continuity. Id.

Here, the plaintiff has not pled any predicate acts at all. The plaintiff has not shown how the first and third incidents—the ones involving video playback—fit under any of the categories of racketeering activity. They certainly are not extortion. See 18 U.S.C. § 1951. Nor does the Amended Complaint plead fraud—either wire or mail—with any particularity. See Fed. R. Civ. Pro. 9(b); see also Ahmed, 118 F.3d at 889. Nor does the shoe-snatching incident fall under those headers. A RICO claim requires at least two predicates, and the plaintiff is unable to get there. See Ahmed, 118 F.3d at 888.

Furthermore, there is nothing suggesting that the disparate incidents are linked to one another. They appear to be widely spaced events involving different individuals and dissimilar circumstances. For the two videotape playback incidents, there is nothing to suggest that employees at the Pine Street Inn were involved in the loss of property at all.

Nor has the plaintiff shown continuity. "[W]here only a few predicate acts are alleged . . . continuity can never be established." Giuliano, 399 F.3d at 387. Here, the plaintiff has only alleged three fairly isolated incidents. That is not enough to state a RICO claim. Cf. Efron v. Embassy Suites (Puerto Rico), Inc., 223 F.3d 12, 17, 21 (1st Cir. 2000) (dismissing a RICO claim concerning

seventeen acts of wire and mail fraud over twenty-one months); Fleet Credit Corp. v. Sion, 893 F.2d 441, 447 (1st Cir. 1990) (finding ninety-five fraudulent mailings over four and one-half years stated a RICO claim); id. (citing Parcoil Corp. v. Nowsco Well Serv., 887 F.2d 502 (4th Cir.1989) ("seventeen falsified reports sent over a period of four months do not establish continuity")).

The plaintiff also brings a claim under 42 U.S.C. § 1983 against Charbonneau and the Pine Street Inn. There is nothing suggesting that either are state actors, and so the claim must be dismissed. See Estades-Negroni v. CPC Hosp. San Juan Capestrano, 412 F.3d 1, 4–5 (1st Cir. 2005).

The defendants' Motion to Dismiss (dkt. no. 14) is GRANTED. Counts One, Two, Three, Four, and Five—the four RICO counts and the § 1983 count—are dismissed with prejudice. The state law claims—Counts Six and Seven—are dismissed without prejudice. The case is DISMISSED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge